OUR FILE # 2100306
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------X
VERONICA MORALES

                        Plaintiff(s),

  -against-

OUTBACK STEAKHOUSE OF FLORIDA, LLC

                     Defendant(s).
-------------------------------------------------------------------------X

Index No.:

Date Purchased:_____
**SUMMONS**

**The basis of venue is:**
**COUNTY OF OCCURENCE**

**Plaintiff resides at:**
**173 COVERT STREET APT 1**
**Brooklyn, NY 11207**

**County of Kings**

TO THE ABOVE NAMED DEFENDANT(s):

YOU ARE HEREBY SUMMONED to appear in this action by serving a notice of appearance on plaintiff's attorneys within 20 days after service of this summons, exclusive of the day of service, or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: Flushing, New York
       July 30, 2021
       D/A: 05/09/2021

Outback Steakhouse of Florida, LLC
23-48 Bell Blvd
Bayside NY 11360

Yours, etc.,

_____
FRANCESCO POMARA, ESQ.
MALLILO & GROSSMAN
Attorney(s) for Plaintiff
163-09 Northern Blvd.
Flushing, New York 11358
Tel: (718) 461-6633
OUR FILE# 2100306

OUR FILE # 2100306
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------X  Index No.:
VERONICA MORALES

                                 Date Purchased:_____

                Plaintiff(s),                      **VERIFIED COMPLAINT**

    -against-

OUTBACK STEAKHOUSE OF FLORIDA, LLC

                Defendant(s).
-------------------------------------------------------------------------X

        Plaintiff, by her attorneys, MALLILO & GROSSMAN, ESQS, complaining of the defendants herein, respectfully show to the Court and allege:

        1.    That at all times hereinafter mentioned, the plaintiff, VERONICA MORALES, was and still is a resident of the County of Kings, State of New York.

        2.    Upon information and belief, that at all times hereinafter mentioned, the defendant, OUTBACK STEAKHOUSE OF FLORIDA, LLC, owned the PREMISES at issue.

        3.    Upon information and belief, that at all times hereinafter mentioned, the defendant, OUTBACK STEAKHOUSE OF FLORIDA, LLC, operated the PREMISES at issue.

        4.    Upon information and belief, that at all times hereinafter mentioned, the defendant, OUTBACK STEAKHOUSE OF FLORIDA, LLC. maintained the PREMISES at issue.

        5.    Upon information and belief, that at all times hereinafter mentioned, the defendant, OUTBACK STEAKHOUSE OF FLORIDA, LLC, managed the PREMISES at issue.

        6.    Upon information and belief, that at all times hereinafter mentioned, the defendant, OUTBACK STEAKHOUSE OF FLORIDA, LLC, controlled the PREMISES at issue.

        7.    Upon information and belief, and at all times hereinafter mentioned, the

defendant, OUTBACK STEAKHOUSE OF FLORIDA, LLC, was and still is a domestic corporation duly organized and existing by virtue of the laws of the State of New York, doing business in the State of New York.

8. Upon information and belief, and at all times hereinafter mentioned, the defendant, OUTBACK STEAKHOUSE OF FLORIDA, LLC, was and still is a foreign corporation doing business in the State of New York.

9. Upon information and belief, and at all times hereinafter mentioned, the defendant, OUTBACK STEAKHOUSE OF FLORIDA, LLC, was and still is an unincorporated association doing business in the State of New York.

10. Upon information and belief, and at all times hereinafter mentioned, the defendant, OUTBACK STEAKHOUSE OF FLORIDA, LLC, was and still is a sole proprietorship doing business in the State of New York.

11. That on 05/09/2021, while plaintiff was walking inside of the premises 23-48 Bell Blvd, County of Queens, State of New York she was caused to fall and sustain serious personal injuries

12. That on 05/09/2021, the defendant, OUTBACK STEAKHOUSE OF FLORIDA, LLC, its agents, servants and/or employees negligently and carelessly maintained said premises in such a haphazard, negligent manner as to cause the same to become and remain in an unsafe, improper and dangerous condition, which consisted of a trap and nuisance as well as a negligent and improper condition of which the defendant had due notice, or by the use of reasonable care and inspection therein, might and should have had due notice.

13. Upon information and belief, and at all times hereinafter mentioned, it was the duty of the defendant, OUTBACK STEAKHOUSE OF FLORIDA, LLC, its agents, servants,

and/or employees to maintain the aforesaid premises in a safe, proper, lawful and careful manner, so that the same would not be dangerous to persons lawfully on said premises and to keep the same from defaults, traps and conditions constituting a danger and menace to person lawfully and properly therein.

14. That said accident and resulting injuries to the plaintiff were caused solely and wholly by reason of carelessness, recklessness and negligence of the defendant, without any negligence of the plaintiff contributing thereto.

15. That by reason of the premises and wrongful acts and omissions on the part of the defendants as aforesaid, the plaintiff has suffered and will continue to suffer pain and agony in mind and body and was unable to attend to her duties, all to her damage in the sum which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

WHEREFORE, the plaintiff demands judgment against the defendants in the sum which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Flushing, New York
July 30, 2021

FRANCESCO POMARA, ESQ.
MALLILO & GROSSMAN
Attorney(s) for Plaintiff
163-09 Northern Blvd.
Flushing, New York 11358
Tel: (718) 461-6633
OUR FILE# 2100306

STATE OF NEW YORK )
                  ) SS.:
COUNTY OF QUEENS  )

    I, the undersigned, an attorney admitted to practice in the Courts of New York State, state that I am the attorney of record for plaintiff in the within action; I have read the foregoing <u>SUMMONS AND COMPLAINT</u> and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by the plaintiff is because plaintiff does not reside where your deponent maintains his office, to wit: Queens County.

    The grounds for my belief as to all matters not stated upon my own knowledge are as follows: by the records I keep.

    I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: Flushing, New York
       8/2/21

                                          _____
                                          ANTHONY MALLILO, ESQ

OUR FILE# 2100306
Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

VERONICA MORALES

Plaintiff(s),

-against-

OUTBACK STEAKHOUSE OF FLORIDA, LLC

Defendant(s).

SUMMONS AND VERIFIED COMPLAINT

**MALLILO & GROSSMAN, ESQS.**
*Attorneys for Plaintiff(s)*
163-09 Northern Boulevard
Flushing, NY 11358
718-461-6633
Fax: (718) 461-1062

Pursuant to 22 NYCRR 130-1.1A, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.

Dated: 8/10/2021                          Signature _____
                                          FRANCESCO POMARA, JR., ESQ.

TO: